IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL WAYNE PEPPERS,      )
                                   )
      Plaintiff,               )
                                   )
v.                                )     CIV. ACT. NO. 2:13cv488-TFM
                                 )         (WO)
CAROLYN W. COLVIN,          )
Acting Commissioner of Social Security,  )
                                 )
      Defendant.            )
                                 )

## MEMORANDUM OPINION and ORDER

### I. PROCEDURAL HISTORY

Plaintiff Michael Wayne Peppers ("Peppers") applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., alleging that he is unable to work because of a disability.  His application was denied at the initial administrative level.   The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").   Following the hearing on June 16, 2010, the ALJ concluded that Peppers was not under a "disability" as defined in the Social Security Act. The ALJ, therefore, denied the plaintiff's claim for benefits.  Peppers submitted a request for review to the Appeals Council.   Upon considering Peppers' request, the Appeals Council vacated the ALJ's decision and remanded the case with directions that the ALJ should conduct further proceedings and issue a new decision.   (R. 117-19). A supplemental hearing was conducted on December 1, 2011.  (R. 72-98).  Following this proceeding, the ALJ denied the claim.   The Appeals Council rejected a subsequent

1

request for review.  Consequently, the ALJ's decision became the final decision of the

Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d

129, 131 (11th Cir. 1986).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to

entry of final judgment by the United States Magistrate Judge.  The case is now before

the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3).  Based on the

court's review of the record in this case and the parties' briefs, the court concludes that

the Commissioner's decision should be AFFIRMED.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when

the person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to
> result in death or which has lasted or can be expected to last for a
> continuous period of not less than 12 months . . .

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  See 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of
> "not disabled."

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. THE ISSUES

### A.    Introduction

Peppers was 64 years old at the time of the December 1, 2011, hearing before the ALJ.  (R. 72, 76).  He completed sixth grade and has a general equivalency diploma.  (R. 76).  Peppers has prior work experience as a flooring installer.  (R. 77).  Peppers alleges

---

[2] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986)  is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

that he became disabled on February 10, 2006, due to back pain, arthritis, spores in his lungs, chronic obstructive pulmonary disease ("COPD"), headaches, and anxiety attacks. (R. 78-79, 280). After the hearing on December 1, 2011, the ALJ found that Peppers suffers from COPD, degenerative disc disease, hypertension, panic disorder, and anxiety disorder. (R. 17). The ALJ found that Peppers is unable to perform his past relevant work, but that he retains the residual functional capacity to perform light work with the following limitations:

> [C]laimant can frequently lift and carry up to ten pounds, and occasionally lift and carry eleven to twenty pounds. Claimant can sit for three hours at one time, and stand/walk for one hour at one time. Claimant is able to sit for six hours during an eight-hour workday, and stand/walk two hours during an eight-hour workday. Claimant needs to be able to alternate between sitting and standing to relieve pain and/or discomfort. Claimant can frequently reach in all directions, handle, finger, and feel, and occasionally push and pull with his dominant right hand. Claimant can frequently operate foot controls bilaterally. Claimant can never climb stairs and ramps, but can occasionally climb ladders and scaffolds, balance, stoop, kneel, crouch, and crawl. Claimant cannot tolerate exposure to unprotected heights, humidity, wetness, dust, odors, fumes, pulmonary irritants, and extreme heat and cold. Claimant can occasionally tolerate exposure to moving mechanical parts, operation of a motor vehicle, vibrations, and moderate (office) noise. Claimant's work should be limited to unskilled work with no more than frequent interaction with coworkers and supervisors, and no more than occasional contact with the general public.

(R. 20). Testimony from a vocational expert led the ALJ to conclude that a significant number of jobs exist in the national economy that Peppers can perform, including work as a mail clerk, stock checker, and electric worker. (R. 36). Accordingly, the ALJ concluded that Peppers is not disabled. (R. 37).

4

**B.      Plaintiff's Claim**

Peppers' sole issue for the Court's consideration is whether the "ALJ's RFC findings are not based on substantial evidence because the evidence, including [the] treating physician[s] opinion supports a favorable finding under the [Medical Vocational Rules] at the sedentary level."  (Doc. No. 13, Pl's Br., p. 1.)

## IV. DISCUSSION

Peppers asserts that the ALJ's determination that he has the residual functional capacity to perform light work with limitations is not supported by substantial evidence. Specifically, Peppers argues that the ALJ should have found that he has the residual functional capacity to perform no more than sedentary work because the opinion of Dr. Bipin Kumar, his treating physician, "provides for an eight hour work day but . . . at best would allow for a range of sedentary work based on the exertional restriction of claimant being on his feet for only an occasional basis or two hours in an eight hour day pursuant to SSR 83-10." (Pl's Br., pp. 7, 9).  In addition, he contends that the medical expert at the hearing failed to provide a function-by-function analysis as required under SSR 96-8p. He also argues that a finding of disabled is mandated by Rule 201.14 of the Medical Vocational Guidelines because he is closely approaching advanced age, is able to perform no more than "sedentary [work] at best," and has mental work-related restrictions.  (*Id.*, pp. 9-10).

An ALJ is required to independently assess a claimant's residual functional capacity "based upon all of the relevant evidence." 20 C.F.R. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other

evidence."); 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level. . ., the administrative law judge . . . is responsible for assessing your residual functional capacity."). *See also Lewis*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."). "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. § 416.945(a)." *Peeler v. Astrue*, 400 Fed. Appx. 492, 494 n. 2 (11th Cir. 2010).

The ALJ's determination that Peppers retains the residual functional capacity to perform light work is supported by substantial evidence, including the opinions of his treating physician and the consultative physicians. In March 2009, Dr. Hirenkumar Jani, a consultative physician, conducted an examination of Peppers. (R. 385-388). Dr. Jani diagnosed Peppers as suffering from shortness of breath due to underlying COPD and chronic neck and back pain. (R. 388). Dr. Jani found no restrictions posturally, manipulatively, or environmentally. (R. 388). He recommended that "[a]s far as walking and standing and lifting and carrying [is] concerned [Peppers] needs to be further evaluated in terms of shortness of breath." (R. 388).

In May 2010, Peppers' treating physician, Dr. Kumar, completed a Physical Capacities Evaluation, in which he assessed that Peppers is able to sit for two hours and walk for one hour at a time; sit for four hours and stand/walk for two hours in an eight-hour workday; take ten-minute breaks every two hours; continuously lift up to ten pounds

and carry up to five founds; frequently lift eleven to twenty pounds; occasionally lift twenty-one to twenty-five pounds; occasionally carry eleven to twenty pounds; use his hands and feet for repetitive motions; occasionally bed, squat, and reach; and moderate exposure to dust, fumes, and gases. (R. 26). In addition, Dr. Kumar found that Peppers' pain is present to such an extent as to be distracting to adequate performance of daily activities or work and that physical activity such as walking, standing, or bending increase his pain to such a degree as to cause distraction or total abandonment from tasks. (*Id*.).

After the Appeals Council entered its June 13, 2011 opinion remanding the ALJ's decision to deny benefits and directing the ALJ to obtain an updated physical consultative examination by a medical expert, such as an internist or specialist, the ALJ ordered additional consultative examinations. On August 11, 2011, Dr. Oluyinka Adediji, an internist, conducted an evaluation. (R. 521). Dr. Adediji's diagnostic assessment was uncontrolled hypertension, COPD/emphysema, chronic back and neck pain, and situational depression. (R. 525). Dr. Adediji found that Peppers is able to frequently lift up to ten pounds and carry up to twenty pounds; stand and walk no more than one hour without interruption; stand and walk no more than two hours in an eight-hour workday; sit no more than three hours without interruption; sit no more than six hours during an eight-hour workday; frequently use his dominant right hand for reaching, handling, fingering, and feeling; occasionally push or pull; frequently operate foot controls; and occasionally climb ladders or scaffolds, balance, stoop, kneel, crouch, and crawl. (R. 516-519). He also found that Peppers should never climb stairs or ramps and should

avoid unprotected heights, humidity, wetness, dust, odors, pulmonary irritants, and temperature extremes.  (R. 519-520).

At the December 1, 2011 hearing, Dr. James Anderson, a medical expert, testified that his review of the medical records indicates that Peppers suffers from severe impairments of hypertension, chronic chest pain due to a chronic obstructive pulmonary emphysema and smoker's bronchitis and chronic spinal pain with normal x-rays.  (R. 90). Dr. Anderson identified inconsistencies between Dr. Kumar's May 2010 opinion regarding untreated back pain and the lack of objective medical evidence to support the treating physician's findings.  (R. 89).  He also testified that a pulmonary function test indicates that Peppers' ability to work would not be restricted significantly. (*Id*). Dr. Anderson assessed that Peppers retains the residual functional capacity to perform light work with the following restrictions:

> Because of his chronic smoker's bronchitis and emphysema, I would suggest that he not be exposed to concentrated dust, fumes, and allergens of that sort.  Because of the subjective complaint of lower back and neck pain, I would suggest that a sit/stand option would be appropriate for his light work activity.

(R. 90).

On December 15, 2011, Dr. Kumar completed a second Physical Capacities Evaluation.  (R. 14).  The treating physician assessed that Peppers is able to sit for six hours and stand and/or walk two hours during an eight-hour workday; carry twenty pounds occasionally and ten pounds frequently; bend occasionally; and work around dust, allergens, and fumes.  (R. 543).  In addition, Dr. Kumar noted that Peppers' pain "is present, but does not prevent functioning in everyday activities or work."  (R. 544).  He

found, however, that physical activity, such as prolonged sitting, walking or standing will "[g]realty increase[] pain, and to such a degree as to cause distraction from tasks or total abandonment of tasks."   (*Id.*).  Nonetheless, he noted that Peppers does not have "an underlying medical condition [which is] consistent with the pain he . . . experiences." (R. 545).

To the extent Peppers argues that the ALJ's decision is not supported by substantial evidence because the ALJ did not specify whether he relied on Dr. Kumar's May 2010 opinion or his December 2011 opinion when affording great weight to his opinion, his argument is unavailing.   The ALJ should not be required to specify the obvious.   After the Appeals Council remanded the case, Dr. Kumar provided a second Physical Capacities Evaluation which was less favorable to Peppers' case.  It is clear that the ALJ relied on this second opinion when he gave "great weight to Dr. Kumar's opinion," specifically finding that the "opinion is supported by medical signs and findings and is consistent with the record as a whole."  (R. 34).  The ALJ's residual functional capacity finding that Peppers retains the residual functional capacity to perform light work with restrictions mimics the findings in Dr. Kumar's second opinion indicating that Peppers is able to sit for six hours and stand and/or walk two hours during an eight-hour workday, carry twenty pounds occasionally and ten pounds frequently, and bend occasionally.  (R. 20, 544).

In addition, Peppers asserts that the ALJ erred in affording great weight to the opinion of Dr. Anderson because the medical expert did not provide a function-by-function assessment of his work-related abilities in accordance with SSR 96-8p.  A

medical expert is not required to perform such an analysis. Social Security Ruling 96-8p, however, does require that the ALJ consider all the evidence and assess the plaintiff's ability to do work-related activities, including sitting, standing, walking, lifting, carrying, pushing, and pulling.  See SSR 96-8p at *3, *5 (1996).  SSR 96-8p provides that, at Step 4 of the sequential evaluation, the RFC should not be expressed in terms of the exertional categories, such as "sedentary," "light," "medium," or "heavy."  *Id.*

The court finds that the ALJ adequately evaluated Peppers' functional limitations and restrictions in his decision.  The ALJ found that Peppers "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). . . ."  The Regulation provides:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weight up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Social security rulings do not have the force and effect of statutes or regulations. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007); *Fagan v. Astrue*, 231 Fed. Appx. 835, 837 n. 2 (10th Cir. 2007); *Walker v. Sec'y of Health and Human Servs*., 856 F.2d 1352, 1356 (9th Cir. 1988).  However, the Rulings are generally entitled to deference. *Fagan*, 231 Fed. Appx. at 837.  In this case, the ALJ gave sufficient deference to the Ruling when making his residual functional capacity finding.  SSR 96-8p does not

require an ALJ to mechanically assess functions for which there is no credible evidence of impairment. The purpose of the function-by-function assessment is to insure that the ALJ does not overlook an important restriction and thereby incorrectly classify the individual's capacity for work. See SSR 96-8p, 1996 WL 374184, at *4. An ALJ need not provide superfluous analysis of irrelevant limitations or relevant limitations about which there is no conflicting medical evidence. *See Depover v. Barnhart*, 349 F.3d 563, 576-68 (8th Cir. 2003). The ALJ conducted a thorough analysis of the testimony and considered all of the objective medical evidence in reaching his decision.

Peppers also argues that the ALJ's decision is erroneous because he would "grid[·] under MVR 201.14 even if he could perform the full range of sedentary work." (Doc. No. 13, Pl's Br., p. 10). The problem with Peppers' argument is that 201.14 is applicable to claimants with an RFC of sedentary work. In this case, substantial evidence supports the ALJ's determination that Peppers has the residual functional capacity to perform light work with restrictions. Thus, Peppers' claim that the ALJ erred by failing to consider his ability to perform sedentary work along with his age and mental work-related restrictions at the time of the hearing is without merit.

Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's findings. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). The ALJ evaluated all the evidence before her which led her to conclude that Peppers is able to perform light work with limitations. It is not the province of this court to reweigh evidence, make credibility determinations, or substitute its judgment for that of the ALJ. Instead the

court reviews the record to determine if the decision reached is supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 108, 1211 (11th Cir. 2005). Substantial evidence "is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Given this standard of review, the court concludes that the ALJ's residual functional capacity assessment is consistent with the medical evidence as a whole. After a careful examination of the administrative record, the court concludes that substantial evidence supports the conclusion of the ALJ concerning Moseley's residual functional capacity to perform light work with limitations.

### V.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence. Accordingly, it is ORDERED that the decision of the Commissioner be and is hereby AFFIRMED.

DONE this 5th day of May, 2014.

_____/s/Terry F. Moorer_____
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE